IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3048-FL

| JUSTIN HAWKINS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| ROBERT FOUNTAIN, FRED ROBERTSON, WOODROW DAVID YANCEY, JOSH CLAYTON, SERGEANT HUMPHRIES, DEPUTY DAYE, OFFICER TAYLOR, OFFICER MANGUM, OFFICER ANDRE, SOUTHERN HEALTH PARTNERS, NURSE KIM DOE, NATASHA DOE, LETECIA DOE, JANET DOE, DEION DOE, GRANVILLE COUNTY MEDICAL CENTER, SAMANTHA BULL GORDON, JANE AND JOHN DOES, WAYNE COUNTY DETENTION CENTER, CAPT. JOHN DOE, SGT. CASEY, SGT. SHEAR, CPL. ROBERTS, OFFICER SMITH, OFFICER WILLIAMS, OFFICER CHRISTIE, OFFICER EASY, DOE WATSON, NURSE WHITFIELD, JENNIFER DOE, GRANVILLE COUNTY COURTHOURE, JOHN DOE SURETY COMPANY, SERGEANT WALTON, SHERIFF JOHN DOE, and MAJOR MOZINGO, | ) ORDER |
| Defendants. | ) |

Plaintiff, a state pretrial detainee proceeding pro se, commenced this action by filing complaint February 27, 2024, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and on plaintiff's motions to appoint counsel (DE 6), for injunction and

restraining order (DE 7, 13), to pay for all copies (DE 8), and to correct missed defendants (DE 14).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The complaint also must comply with Federal Rule of Civil Procedure 8(a)(2). See id. Rule 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and which "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Twombly, 550 U.S. at 555. In determining whether the complaint complies with Rule 8, the court considers: 1) the length and complexity of the complaint; 2) whether the complaint is clear enough to enable the defendant to know how to defend himself; and 3) whether the plaintiff was represented by counsel. See North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004); see also United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

Finally, Federal Rule of Civil Procedure 20 governs joinder of multiple defendants in a single action. Rule 20(a)(2) provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect

2

Case 5:24-ct-03048-FL    Document 17    Filed 11/26/24    Page 2 of 5

to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974)). The court may "deny joinder [of multiple defendants] if it determines that the addition of the party under Rule 20 will not foster the objectives of [trial convenience and expeditious resolution of disputes], but will result in prejudice, expense, or delay." Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits [under Rule 20 and] to ensure that prisoners pay the required filing fees [pursuant to 28 U.S.C. § 1915(b)]."); see also Fed. R. Civ. P. 21 (providing improperly joined defendants may be dismissed "at any time").[1]

Here, the complaint does not comply with Rule 8(a)(2) or Rule 20(a)(2). By his 70-page complaint, plaintiff alleges numerous disparate claims against at least 35 different defendants complaining about his treatment as a pretrial detainee at two different facilities. For example, plaintiff alleges certain defendants failed to train officers in responding to slip and fall accidents, other defendants confiscated his legal work, and still others used excessive force when transporting plaintiff. Plaintiff then proceeds to new claims related to his medical care at both detention centers and an outside hospital, detention officers' alleged failure to provide adequate food and nutrition,

---

[1] Rule 20 review also is appropriate here where plaintiffs' motion to amend seeks to add new defendants to this action. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001).

and denial of recreation and showers. Finally, plaintiff asserts additional claims for excessive use of force, retaliation, denial of humane conditions of confinement, and related issues occurring months after the claims described above.

The length and complexity of the complaint, together with the disparate and conclusory nature of some claims do not satisfy Rule 8. See McGuirt, 114 F. App'x at 558; Garst, 328 F.3d at 378. Moreover, plaintiff alleges multiple unrelated claims against different defendants, in violation of Rule 20. See Aleman, 485 F.3d at 218 n.5; see also George, 507 F.3d at 607.

The court will allow plaintiff to file one amended complaint that corrects the deficiencies identified above. The amended complaint must be filed on the court's prescribed form for prisoner civil rights complaints,[2] and shall contain only those claims that are reasonably related to one another.

For example, the claims arising at different detention centers must be brought in separate suits. Moreover, the claims alleging excessive use of force are not reasonably related to claims involving denial of medical care, and the claims occurring months after the alleged slip and fall incident also should be asserted in different suits. The amended complaint also must be shorter and less complex than the current pleading. Plaintiff, for example, must identify distinct factual claims in the complaint and then briefly describe how defendants allegedly violated his rights for each separate claim.

The amended complaint will be considered the complaint in its entirety and the court will not review plaintiff's prior filings to identify any misplaced claims. Failure to comply with these

---

[2] Although brevity is appreciated, plaintiff may attach additional pages to the form to the extent necessary.

instructions may result in dismissal of this action. See Fed. R. Civ. P. 41(b) (addressing court's authority to dismiss an action for failure to prosecute or comply with the court's prior orders).

As for plaintiff's motions for injunctive relief, he fails to establish likelihood of success on the merits or that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994) ("It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons."). As this stage, plaintiff also has not established that exceptional circumstances merit appointment of counsel. Jenkins v. Woodard, 109 F.4th 242, 247–48 (4th Cir. 2024). Plaintiff's motion to correct missed defendants is moot in light of the court's order permitting plaintiff to file amended complaint, and the court declines to order defendants to pay for copying costs associated with this action.

## CONCLUSION

Based on the foregoing, plaintiff's motions to appoint counsel (DE 6), for injunctive relief (DE 7, 13), to pay for copying costs (DE 8), and to correct defendants (DE 14) are DENIED. Plaintiff is DIRECTED to file one amended complaint within **21 days** of entry of this order that complies with the instructions herein. The clerk is DIRECTED to send plaintiff the prisoner civil rights package. In the event plaintiff fails to respond to this order, the clerk shall, without further order of the court, terminate all pending motions as moot and enter judgment dismissing this action without prejudice for failure to prosecute and failure to respond to this order.

SO ORDERED, this the 26th day of November, 2024.

LOUISE W. FLANAGAN
United States District Judge