IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CT-3048-FL

| | |
|---|---|
| JUSTIN HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT FOUNTAIN, FRED ROBERTSON, WOODROW DAVID YANCEY, JOSH CLAYTON, SERGEANT HUMPHRIES, DEPUTY DAYE, OFFICER TAYLOR, OFFICER MANGUM, OFFICER ANDRE, SOUTHERN HEALTH PARTNERS, NURSE KIM DOE, NATASHA DOE, LETECIA DOE, JANET DOE, DEION DOE, GRANVILLE COUNTY MEDICAL CENTER, SAMANTHA BULL GORDON, JANE AND JOHN DOES, WAYNE COUNTY DETENTION CENTER, CAPT. JOHN DOE, SGT. CASEY, SGT. SHEAR, CPL. ROBERTS, OFFICER SMITH, OFFICER WILLIAMS, OFFICER CHRISTIE, OFFICER EASY, DOE WATSON, NURSE WHITFIELD, JENNIFER DOE, GRANVILLE COUNTY COURTHOURE, JOHN DOE SURETY COMPANY, SERGEANT WALTON, SHERIFF JOHN DOE, MAJOR MOZINGO, GRANVILLE COUNTY, GRANVILLE COUNTY PARAMEDICS, GRANVILLE COUNTY MEDICAL CENTER, SGT. GREEN, OFFICER LONG, ARAMARK, and SH PARTNERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ORDER |
| | ) |
| Defendants. | ) |

Plaintiff, a state pretrial detainee proceeding pro se, commenced this action by filing complaint February 27, 2024, asserting claims for violations of his civil rights pursuant to 42

U.S.C. § 1983. By prior order entered November 26, 2024, the court determined plaintiff's complaint did not comply with Federal Rules of Civil Procedure 8 or 20, and directed plaintiff to file amended complaint that complied with these rules and corrected various deficiencies. The matter is before the court for initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and to evaluate whether plaintiff's amended complaint complies with the instructions in the November 26 order (DE 17).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The complaint also must comply with Federal Rule of Civil Procedure 8(a)(2). See id. Rule 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and which "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Twombly, 550 U.S. at 555. In determining whether the complaint complies with Rule 8, the court considers: 1) the length and complexity of the complaint; 2) whether the complaint is clear enough to enable the defendant to know how to defend himself; and 3) whether the plaintiff was represented by counsel. See North

2

Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004); see also United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

Finally, Federal Rule of Civil Procedure 20 governs joinder of multiple defendants in a single action. Rule 20(a)(2) provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974)). The court may "deny joinder [of multiple defendants] if it determines that the addition of the party under Rule 20 will not foster the objectives of [trial convenience and expeditious resolution of disputes], but will result in prejudice, expense, or delay." Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits [under Rule 20 and] to ensure that prisoners pay the required filing fees [pursuant to 28 U.S.C. § 1915(b)]."); see also Fed. R. Civ. P. 21 (providing improperly joined defendants may be dismissed "at any time").[1]

On November 26, the court determined that plaintiff's original complaint "does not comply with Rule 8(a)(2) or Rule 20(a)(2)." (DE 17 at 3). The court noted that plaintiff filed a 70-page

---

[1] Rule 20 review also is appropriate here where plaintiff's motion to amend seeks to add new defendants to this action. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001).

complaint alleging numerous disparate claims against at least 35 different defendants. (Id.). As explained in the order:

> plaintiff alleges certain defendants failed to train officers in responding to slip and fall accidents, other defendants confiscated his legal work, and still others used excessive force when transporting plaintiff. Plaintiff then proceeds to new claims related to his medical care at both detention centers and an outside hospital, detention officers' alleged failure to provide adequate food and nutrition, and denial of recreation and showers. Finally, plaintiff asserts additional claims for excessive use of force, retaliation, denial of humane conditions of confinement, and related issues occurring months after the claims described above.
>
> The length and complexity of the complaint, together with the disparate and conclusory nature of some claims do not satisfy Rule 8. See McGuirt, 114 F. App'x at 558; Garst, 328 F.3d at 378. Moreover, plaintiff alleges multiple unrelated claims against different defendants, in violation of Rule 20. See Aleman, 485 F.3d at 218 n.5; see also George, 507 F.3d at 607

(Id. at 3–4). Rather than dismiss the claims outright, the court allowed plaintiff to file amended complaint that corrects the deficiencies identified above. (Id. at 4). Notably, the court specifically directed plaintiff that:

> claims arising at different detention centers must be brought in separate suits. Moreover, the claims alleging excessive use of force are not reasonably related to claims involving denial of medical care, and the claims occurring months after the alleged slip and fall incident also should be asserted in different suits.

(Id.). Finally, the court warned plaintiff that if his amended complaint failed to comply with the foregoing instructions, this "may result in dismissal of this action" for failure to comply with a court order. (Id. at 4–5 (citing Fed. R. Civ. P. 41(b)).

Plaintiff made no effort to comply with the November 26 order in the instant amended complaint. Indeed, he continues to assert claims arising at different detention centers (DE 19 at 38–40), alleges completely unrelated claims for excessive use of force, denial of access to the courts, and denial of medical care (id. at 30–31, 45–46, 49), and many of the claims are vague and

4

conclusory (see generally id.). He also filed a 54-page complaint asserting disparate claims against 50 distinct defendants. (Id. at 5–11). The amended complaint does not comply with Rule 8 for the reasons explained in the November 26 order. (Id. at 2, 4). Accordingly, plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8(a)(2); Twombly, 550 U.S. at 555.

In addition, Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." The court also maintains inherent authority to dismiss an action for failure to comply with court orders even in the absence of a motion by defendant. See Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019). Here, plaintiff's failure to even attempt to comply with the November 26 order justifies dismissal of this action. See id.

## CONCLUSION

Based on the foregoing, this action is DISMISSED without prejudice for failure to state claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). Alternatively, this action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority.

SO ORDERED, this the 21st day of February, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge